**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARMEN ALICIA MAGANA-FERID,<br><br>Petitioner,<br><br>v.<br><br>WARDEN FACILITY ADMINISTRATOR, ADELANTO ICE PROCESSING CENTER, et al.<br><br>Respondents. | No. 5:26-cv-06605-JAK (PDx)<br><br>**ORDER RE PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (DKT. 3)** |

On November 5, 2026, Carmen Alicia Magana-Ferid ("Petitioner"), who is presently detained at the Adelanto Detention Center, filed a Petition for Writ of Habeas Corpus. ("Petition" (Dkt. 1)). On the same day, Petitioner filed an Ex Parte Application for Temporary Restraining Order ("Application" (Dkt. 3)). Through the Application, Petitioner seeks immediate release from physical custody, subject to reasonable noncustodial conditions of supervision. Dkt. 3 at 6. Alternatively, if immediate release is denied, Petitioner requests an order prohibiting Respondents from transferring her outside the jurisdiction of the Central District of California or removing her from the United States pending a ruling on her habeas petition. *Id.* at 6-7. She also requests an Order to Show Cause why a preliminary injunction should not issue granting the same relief, a waiver of the security requirement of Federal Rule of Civil Procedure 65(c), and any other relief as the Court deems just and appropriate. *Id.* at 7.

Due to the "influx of petitions for writs of habeas corpus filed by persons seeking immigration-related relief . . . and to facilitate their expedited resolution," the Central District of California has issued General Order No. 26-05. It provides for an expedited schedule for briefing the merits of petitions for writs of habeas corpus by persons in immigration detention seeking immigration-related relief. The "standard scheduling order" set by the General Order "is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order. Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

Petitioner has not adequately demonstrated "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." In support of the Application, Petitioner has not alleged any irreparable harm that will result prior to the adjudication of the underlying Petition except for what is alleged in the Petition itself. It claims that there is harm due to her allegedly unlawful

detention. As another court in this District has explained, "If the generalized harm of detention were sufficient to bypass the standard briefing schedule, nearly every immigration habeas petition filed in this District would warrant an emergency TRO. . . . [A] generalized claim of constitutional deprivation without specific, individualized exigency (e.g., a severe, untreated medical emergency) does not justify granting ultimate relief on an ex parte basis, especially given the expedited briefing schedule in General Order 26-05." *Wang v. Warden of Desert View Annex Det. Facility*, 26-CV-1595, Dkt. 5 at 2 (C.D. Cal. Apr. 2, 2026).

Other orders issued in this District that have applied General Order No. 26-05, have declined to issue ex parte temporary injunctive relief absent a showing of a specific and individualized exigency that is more than the effect of an alleged unlawful detention. *See, e.g.*, *Hoang v. Marin*, No. 26-CV-1700, 2026 WL 1045654, at *1 (C.D. Cal. Apr. 13, 2026) (Birotte, J.); *Santos-Alvarado v. Adm'r, Desert View Facility*, No. 26-CV-2286, 2026 WL 1243360, at *1 (C.D. Cal. May 4, 2026) (Fitzgerald, J.); *Glean v. ICE*, No. 26-CV-1085, 2026 WL 1123458, at *1 (C.D. Cal. Apr. 22, 2026) (Garnett, J.); *Chen v. Mullin*, 26-CV-1684, Dkt. 7, at 1–2 (C.D. Cal. Apr. 8, 2026) (Scarsi, J.); *Mughal v. Warden, Desert View Facility*, No. 26-CV-2028, 2026 WL 1196007, at *1 (C.D. Cal. Apr. 24, 2026) (Slaughter, J.); *Pastrana v. Semaia*, No. 26-CV-3880, 2026 WL 1009690, at *1 (C.D. Cal. Apr. 14, 2026) (Snyder, J.); *Higareda v. Facility Adm'r*, No. 26-CV-2664, 2026 WL 1455412, at *1 (C.D. Cal. May 19, 2026) (Staton, J.). *But see Nguyen v. ICE*, No. 26-CV-2085, 2026 WL 1196086, at *5–6 (C.D. Cal. Apr. 28, 2026) (Kato, J.) (TRO ordered in a case not involving specific and individualized exigency, other than unlawful detention, notwithstanding General Order No. 26-05). These Orders are persuasive.

Based on the foregoing analysis, the Application is **DENIED**; provided, however, on or before November 12, 2026, Respondents shall file a Status Report as to the medical care that is being provided to Petitioner in light of the health conditions that she

has identified in the Petition. Pursuant to General Order Nos. 05-07 and 26-05, the Petition is **REFERRED** to Magistrate Judge Donahue for the preparation of a Report and Recommendation. As part of that reference, the aforementioned status report shall be provided to Judge Donahue.

Further, in light of Petitioner's interest in participating in further proceedings before this Court, it is **ORDERED** that Petitioner shall not be transferred except to a facility within this District during the pendency of proceedings on preliminary relief. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (concluding that the district court "had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *Belbacha v. Bush*, 520 F.3d 452, 456 (D.C. Cir. 2008) (invoking the All Writs Act, 28 U.S.C. § 1651, and noting that if a case presents a "substantial jurisdictional question . . . a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction.").

**IT IS SO ORDERED.**

Dated: November 6, 2026

John A. Kronstadt
United States District Judge

cc: Magistrate Judge Patricia Donahue